

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 Church St.
New York, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

JOYCE CAMPBELL PRIVÉTERRE
*Special Federal Litigation Division*
(212) 788-1277
Fax  (212) 788-9776

August 6, 2007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-6-07
```

**Via Facsimile (212) 805-6382**
The Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street, Room 905
New York, New York 10007

Re:    Philemon Nicholson v. City et al.
       07 CV 6345 (VM)

Your Honor:

   I am the Assistant Corporation Counsel in the Office of Michael A. Cardozo,
Corporation Counsel of the City of New York, assigned to the defense of this action on behalf of
defendant City. Plaintiff has filed the above-referenced complaint, wherein he alleges, *inter alia*,
that on July 11, 2006, he was falsely arrested and detained by New York City police officers.
Plaintiff further asserts a claim for malicious prosecution. Defendant City respectfully requests
an extension of the time to answer or otherwise respond to the complaint from August 6, 2007 to
October 6, 2007. Plaintiff's attorney, Victor M. Brown, Esq., has consented to our request.

   Defendant has several reasons for seeking an enlargement of time. In accordance with
this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, the City requires
additional time to investigate plaintiff's allegations. With respect to the false arrest and malicious
prosecution charges, it is our understanding that records pertaining to the underlying criminal
action, including police records, may have been sealed pursuant to New York Criminal
Procedure Law § 160.50.

   Additionally, plaintiff alleges that he sustained emotional distress. Therefore, this office
is in the process of forwarding to plaintiff for execution a consent and authorization for the
release of pertinent sealed records, as well as medical authorizations to obtain records pertaining
to plaintiff's purported injuries. The enlargement of time will enable the City to properly assess
the case and respond to the complaint.

Moreover, upon a review of the docket sheet, we have determined that an individually-named defendant, purportedly a New York City detective, has not been served. Thus, the requested extension will enable plaintiff to complete service of process. Once service is effected, the City will have additional time to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent this individual defendant. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an enlargement of time has been made. Accordingly, we respectfully request that defendant City's time to answer or otherwise respond to the complaint be enlarged from August 6, 2007 to October 6, 2007.

Thank you for your consideration in this matter.

Respectfully submitted,

Joyce Campbell Privéterre (JCP 1846)
Assistant Corporation Counsel

cc:    **Via Facsimile (718) 625-5536**

Victor M. Brown, Esq. (VB 5289)
Attorney for Plaintiff
31 Smith Street
Brooklyn, New York 11201
Tel: (718) 625-5530

Request GRANTED. The time for defendant(s) to answer or otherwise move with respect to the complaint in this action is extended to _10-6-07_.

SO ORDERED.

_8-6-07_

DATE                    VICTOR MARRERO, U.S.D.J.