UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

PHILEMON NICHOLSON,

                              Plaintiff,

                 -against-

CITY OF NEW YORK, THE NEW YORK CITY POLICE
DEPARTMENT, NEW YORK CITY POLICE
DETECTIVE WILLIAM HAMILTON, LESLIE
BIRKETT,

                         Defendants.

------------------------------------------------------------------------ x

**ANSWER**

**07 CV 6345 (VM)(THK)**

**Jury Trial Demanded**

        Defendants, the City of New York, the New York City Police Department, and Detective William Hamilton, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.   Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.   Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        3.   Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        4.   Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the Court's pendant jurisdiction of the Court as stated therein.

        5.   Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to demand a jury trial as stated therein.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base venue as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that William Hamilton was and is employed by the City of New York within the New York City police department and that plaintiff purports to sue him as stated therein, and that defendant City of New York maintains a police department, and states that the allegations concerning "color of state law in the course and scope of his duties and functions as agent, servant, employee and officer" constitute legal conclusions to which no response is required.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that the City of New York is a municipal corporation that it maintains a police department, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City police department.

10. Deny the allegations set forth in paragraph "11" of the complaint, except admit that the City of New York maintains a police department and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint[1].

---

[1] Upon information and belief, plaintiff's complaint omits paragraphs 12 and 13.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. In response to the allegations set forth in paragraph "17" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "16" inclusive of this answer as if fully set forth herein.

18. The allegations set forth in paragraph "18" of the complaint constitute legal conclusions to which no response is required.

19. The allegations set forth in paragraph "19" of the complaint constitute legal conclusions to which no response is required.

20. In response to the allegations set forth in paragraph "20" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "19" inclusive of this answer as if fully set forth herein..

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. In response to the allegations set forth in paragraph "23" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "21" inclusive of this answer as if fully set forth herein.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. In response to the allegations set forth in paragraph "25" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "23" inclusive of this answer as if fully set forth herein.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. In response to the allegations set forth in paragraph "27" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "25" inclusive of this answer as if fully set forth herein.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "27" inclusive of this answer as if fully set forth herein.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "29" inclusive of this answer as if fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "32" inclusive of this answer as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

35. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

36. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

37. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City is entitled to governmental immunity from liability.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

38. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

39. There was probable cause for plaintiff's arrest, detention, and prosecution.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

40. To the extent plaintiff asserts state law claims against defendants, such claims should be barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

41.     Punitive damages cannot be assessed against the City of New York.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

42.     Plaintiff may have failed to comply with the conditions precedent to suit.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

43.     The New York City Police Department is not a suable entity.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

44.     Plaintiff provoked any incident.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

45.    Defendant Hamilton has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

**WHEREFORE,** defendants City of New York, New York City Police Department and Hamilton request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:       New York, New York
             October 15, 2007

                                   MICHAEL A. CARDOZO
                                   Corporation Counsel of the
                                     City of New York
                                   Attorney for Defendants City, NYPD & Hamilton
                                   100 Church Street, Room 3-148
                                   New York, New York 10007
                                   (212) 788-1277


                          By:    _____
                                   Joyce Campbell Privéterre (JCP 1846)
                                   Assistant Corporation Counsel


TO:          Mr. Victor Brown, Esq. (*Via ECF*)
             Attorney for Plaintiff

- 6 -

07 CV 6345 (VM)(THK)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILEMON NICHOLSON,

                                        Plaintiff,

                    -against-

CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, NEW YORK CITY
POLICE DETECTIVE WILLIAM HAMILTON,
LESLIE BIRKETT,

                                        Defendants.

---

**ANSWER**

---

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City, NYPD & Hamilton*
*100 Church Street*
*New York, New York 10007*

*Of Counsel:* Joyce Campbell Privéterre
*Tel: (212) 788-1277*
*LawManager No.*

---

*Due and timely service is hereby admitted.*

*New York, N.Y.* ............................................. *, 200......*

............................................................................ *Esq.*

*Attorney for City, NYPD & Hamilton*